## SAWYER'S APPEAL.

Where a testator gives all his property to his wife, in trust to be disposed of at her discretion for her own support and for the support and education of the children of the testator, in such time and manner as she shall deem most for her interest and theirs, the wife upon accepting such bequest becomes a trustee subject to the control of the court as in ordinary cases : She is therefore required to give bonds according to the provisions of Rev. Stat., chap. 168, secs. 1–3, and on neglecting to do so shall be taken and held to have declined the trust.

*It seems*, that her marriage after the death of the testator does not disqualify her from executing the trust.

APPEAL from a decree of the Judge of Probate. On the 23d day of November 1839, Moses Dow made his last will and testament by which he devised as follows: "I give, &c., unto my beloved wife, Sarah, all my estate of whatever name or nature and wherever situated, and whether real, personal or mixed, to have and to hold to her, her heirs and assigns ; to be held by her in trust to be disposed of at her discretion, in her own support and in the maintenance, support and education of all my children, and in such time and manner as she shall deem most for her own interest and the interest of all my children, and in such sums to each as in her judgment shall best promote the interest of all my children." He also appointed his wife and Joseph Sawyer his executors.

After the death of the testator his will was proved and letter testamentary issued to the executors named. Subsequently Sarah Dow married, and has not given bonds as trustee, and has by her marriage disqualified herself from executing the trusts conferred by the will. Nor is her husband a suitable person to be charged with the execution of them. For the benefit and safe-keeping, and the due disposition of the estate, it is necessary that a new trustee be appointed, to whom the estate in the hands of the petitioning executor may safely be paid. Joseph

Sawyer one of the executors named in the will applied to the court of probate, setting forth the substance of the foregoing facts, and praying for the removal of Sarah Dow from her office of trustee, and for the appointment of a new trustee in her place.

The Judge of Probate dismissed the petition for want of power and jurisdiction in the matter, and the petitioner appealed to this court from the decree.

*Wilcox*, for the appellant. The widow is not competent since her marriage to act with discretion, as trustee, and the court may therefore appoint a new one. She should give bonds; if not, she is presumed to decline. Rev. Stat. 334.

If the acts of a trustee are such as to endanger the estate, equity will interpose. 2 Story's Eq. 528. The testator's bounty was not limited to the wife, but she was by the will made trustee for others, and the discretion with which the will clothed her in their behalf, the court will control, and require her to exert in a reasonable manner. Fonbl. Eq., B, 2, ch. 8, sec. 5. 2 Verm. 19. 1 Verm. 101.

GILCHRIST, J. We are by no means clear in this case that the marriage so far changed the relations of Mrs. Dow, that she could not execute the trusts of the will. This was a personal trust and confidence reposed by the testator in his wife. He reposed confidence in her discretion; he evidently considered her relation as a mother to her children, and deemed it important that she should be entrusted with the management of their pecuniary affairs and the application of the means they afforded to the purposes of education, intrusted also to her judgment.

That it was a matter of personal trust and confidence, appears also from the fact that she was by the terms of the will to dispose of the property at her discretion for her own support. It would be difficult without contravening the express provisions of the will to appoint a

trustee to expend the property for her support, when the will refers that matter to her discretion.

Now if she and her husband had given bonds for the faithful execution of the trust, there appears no reason why the intention of the testator might not have been reasonably fulfilled, as well after the marriage as before. A reasonable discretion must be exercised, and the property must not, under the color of the discretion conferred by the will, be wantonly expended. Against this, provision could be made and security taken, as well after the marriage as before. 2 Story's Eq., sec. 1068; do., sec. 1287.

But however this may be, the Revised Statutes, ch. 168, secs. 1–3, provide that where property is devised in trust for any minor or other person, the trustee shall give bonds for the purposes named in the statute, unless the testator has directed that no such bonds shall be required. And if the person appointed trustee shall neglect or refuse to give the required bonds, he shall be considered as having declined the trust.

The decree of the Judge of Probate must therefore be reversed, and the case remanded to that court for proceedings in conformity with this opinion.

*Decree reversed.*